NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVIA E. BOOKER,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3106

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-14-0118-I-1.

---

Decided: September 15, 2014

---

SYLVIA E. BOOKER, of Rosamond, California, pro se.

LAUREN MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARIAN E. SULLIVAN, Assistant Director.

---

Before PROST, *Chief Judge,* TARANTO and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Sylvia E. Booker appeals from a final decision of the Merit Systems Protection Board ("MSPB" or "Board"), affirming the Office of Personnel Management's ("OPM") determination that she was not entitled to a former spouse survivor annuity benefit. For the reasons that follow, we affirm.

BACKGROUND

Ms. Booker was married to Carroll Booker for eighteen years before they divorced in 2002. The divorce decree provided that "Ms. Booker is to receive her division of Mr. Booker's pension, IRA's, retirement and 401(K)'s pursuant to the *Brown* decision at the time of the first party's retirement." Respondent's App. 14. Mr. Booker died while still employed by the Federal Government on January 26, 2012.

Shortly thereafter, Ms. Booker filed an Application for Death Benefits with OPM. OPM denied Ms. Booker's request for survivor benefits on June 5, 2012, and affirmed that initial decision on November 5, 2013. Ms. Booker appealed that decision to the MSPB, which issued an initial decision affirming the denial of her claim on February 28, 2014. The Board held that there was no language in the divorce decree that could be construed as providing for a survivor annuity for Ms. Booker. *Booker v. Office of Pers. Mgmt.*, No. SF-0831-14-0118-I-1 at 4 (M.S.P.B. Feb. 28, 2014) ("*Initial Decision*"). Rather, the Board held that the "divorce decree did nothing more than divide the decedent's retirement annuity, which he never had the chance to receive and which would, in any event, cease upon his death." *Id.* The initial decision became final on April 4, 2014. Ms. Booker timely appealed the

Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011).

Ms. Booker first argues that the Board failed to consider that she applied for Mr. Booker's retirement benefits in June of 2011 before he died in preparation for his coming retirement in December of that year. Pet'r Br. 1. However, the government points out that no such application is contained in the record, and Ms. Booker did not mention any such application in her statement of the facts and issues presented to the MSPB on January 20, 2014. Resp't App. 27-28. Thus, the only document the Board had before it was the divorce decree, which it properly considered.

Second, although Ms. Booker acknowledges that the language in her divorce decree "was not specific," she argues that she should nevertheless be granted benefits because (a) it does generically state that she was entitled to Mr. Booker's benefits and (b) "[i]t was unknown to the judge and other parties at the time that specific names of benefits had to be labeled as well as certain declarations needed to be made by Mr. Booker in order to receive those benefits." Pet'r Br. 2.

The applicable regulations provide that a court order awarding a former spouse survivor annuity must (1) identify the retirement system, and (2) expressly state that the former spouse is entitled to a former spouse survivor annuity using terms like "survivor annuity,"

"death benefits," or "former spouse survivor annuity under 5 U.S.C. § 8341(h)(1)." *See* 5 C.F.R. §§ 838.804, 838.912. Ms. Booker's divorce decree did neither. Thus, the Board did not err in concluding that the "decree contains no provision for a survivor annuity, or any other terminology that 'could fairly be read as awarding a CSRS survivor annuity.'" *Initial Decision* at 4 (quoting *Fox v. Office of Pers. Mgmt.*, 100 F.3d 141, 146 (Fed. Cir. 1996)). Rather, the Board concluded—correctly—that the "divorce decree did nothing more than divide the decedent's retirement annuity, which he never had the chance to receive and which would, in any event, cease upon his death." *Id.*

Moreover, Ms. Booker cannot rely on the excuse that neither the judge nor the parties knew that the divorce decree was required to identify the retirement system or use sufficiently clear language, as the regulations establishing those requirements were in place well before the divorce decree was issued in 2002.

## CONCLUSION

For the foregoing reasons, we conclude that the Board properly affirmed OPM's finding that Ms. Booker is not entitled to a former spouse survivor annuity benefit. Accordingly, we affirm.

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.